## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIUDMYLA PUSHKAR,<br><br>       Plaintiff,<br><br>  v.<br><br>ANTONY BLINKEN, *et al.*,<br><br>       Defendants. | Civil Action No. 21-2297 (CKK) |

## MEMORANDUM OPINION & ORDER
(November 2, 2021)

Plaintiff Liudmyla Pushkar was a selectee of the Diversity Visa Lottery for the 2021 fiscal year.  By statute, her eligibility to receive a diversity visa expired on September 30, 2021.  *See* 8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II).

Plaintiff filed her Complaint in this action on June 22, 2021, alleging that Defendants had "unreasonably delayed" adjudication of her diversity visa application.  *See* Compl. ¶ 21, ECF No. 1.[1]  On September 13, 2021, Plaintiff filed an [11] Emergency Motion for a Temporary Restraining ("TRO"), in which Plaintiff sought an order compelling Defendants Secretary of State Antony Blinken and Secretary of Homeland Security Alejandro J. Mayorkas ("Defendants") to "schedule" her consular interview and to "issue" her immigrant visa before September 30, 2021.  *See* Pl.'s TRO Mot. at 11.  In response, Defendants filed a consolidated opposition and motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Defs.' Opp'n & Mot. to Dismiss, ECF No. 19.

---

[1] Originally filed in the United States District Court for the Northern District of Illinois, the case was transferred to this Court on August 31, 2021 by consent of the parties in light of other pending matters in this jurisdiction related to the processing of diversity visas.  *See* Stip., ECF No. 7; ECF No. 10.

The Court denied Plaintiff's TRO Motion on September 23, 2021, *see* Order, ECF No. 20, and held in abeyance Defendants' Motion to Dismiss to allow Plaintiff, at her request, to respond to Defendants' motion.  *See* Mem. Op. at 8, ECF No. 21.  To date, this Court has not granted Plaintiff any of the relief requested in her Complaint or TRO Motion.

In furtherance of its independent duty to assess its own jurisdiction, *see, e.g.*, *Lenkiewicz v. Castro*, 118 F. Supp. 3d 255, 261 (D.D.C. 2015), the Court subsequently ordered the parties to submit supplemental briefs addressing "whether the Court retains jurisdiction over this case, given that the September 30, 2021 statutory deadline for issuing diversity visas has passed."  Minute Order (Oct. 14, 2021).

Defendants argue Plaintiff's claims are moot because the statutory deadline for issuing diversity visas for FY 2021 has passed.  Defs.' Suppl. Br. at 1, ECF No. 24.  Defendants contend that because the applicable statute bars consular officers from issuing a diversity visa "after midnight on September 30th of the selection fiscal year," Plaintiff's "alleged injuries are no longer redressable," and therefore the Court lacks jurisdiction.  *Id.* at 1, 3.

Relying on *Almaqrami v. Pompeo*, 933 F.3d 774 (D.C. Cir. 2019), Plaintiff responds that this Court retains jurisdiction over her claims because another court in this jurisdiction has "already granted some relief that is applicable to Plaintiff and her claim."  Pl.'s Suppl. Br. at 2, ECF No. 25.  Specifically, in a different case with different plaintiffs raising different legal claims, the court ordered the government on September 9, 2021—in advance of the September 30 fiscal year deadline—to "undertake good-faith efforts, directly and through their designee, to expeditiously process and adjudicate DV-2021 applications and derivative beneficiary applications by September 30, 20201."  Pl.'s Suppl. Br. at 2; *see also* Mem. Op. at 7, ECF No. 21 (addressing same order).  Plaintiff claims that because *another* court in this jurisdiction granted relief that was

"applicable" to her diversity visa application, she falls within the same type of case as the plaintiffs in *Almaqrami*—those in which a plaintiff "files suit and the court grants *some* relief—but not the visa—before October 1." 933 F.3d at 780. In that case, the district court had ordered the government on September 29 to reserve "unused visa numbers" for plaintiffs who may have erroneously been denied their diversity visas. The question on appeal was whether the district court retained jurisdiction after the fiscal year deadline to "order the State Department to do anything with the unused visa numbers held in reserve pursuant to [its] September 29 Order." *Id.* at 781. The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), citing other cases in which courts "invoked [their] equitable power to enforce [their] prior orders," concluded that the plaintiffs' case was not moot, because it was not "implausible that the district court could rely on equity to compel the issuance of visas," given its pre-deadline order requiring the government to "hold available visa numbers to *potentially process* plaintiffs' applications." *Id.*

The Court is not persuaded that *Almaqrami* stands for the sweeping proposition for which Plaintiff seeks to invoke it—that *this* court can still grant her any relief because *another* court in this jurisdiction granted some relief "applicable" to Plaintiff before the end of FY 2021. Notably, in *Almaqrami*, the D.C. Circuit indicated that "the end of the selection FY does often render" cases about diversity visas "moot," including when "a plaintiff files suit before the selection FY ends but the court fails to act on that request until after September 30, at which point the State Department lacks authority to issue a diversity visa sought in the prior fiscal year." *Almaqrami*, 933 F.3d at 780; *see also Mwasaru v. Napolitano*, 619 F.3d 545 (6th Cir. 2010); *Zapata v. INS*, 93 F. Supp. 2d 355 (S.D.N.Y. 2000). Plaintiff's case fits squarely within that description. She filed her Complaint and TRO Motion before the end of the fiscal year. The Court denied Plaintiff's TRO Motion and has granted Plaintiff no other relief in this case. Because this Court "did not

grant any relief before the end of the fiscal year," the "case became moot on October 1, 2021." *Sabzevari v. Blinken*, Civil Action No. 21-2165 (TFH), 2021 WL 4989452, at *1 (D.D.C. Oct. 27, 2021); *see also Mwarsaru*, 619 F.3d at 550–51 ("All circuits that have addressed this issue have read the plain language of 8 U.S.C. § 1154(a)(1)(I)(ii)(II) in the same way even in the wake of what may seem to be harsh results, such as when defendants failed to even process the applications of otherwise eligible diversity participants before the end of the fiscal year.") (citing *Mohamed v. Gonzales*, 436 F.3d 79, 81 (2d Cir. 2006); *Coraggioso v. Ashcroft*, 355 F.3d 730, 734 (3d Cir. 2004); *Carillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003)).

Because the Court concludes that Plaintiff's claims are moot, it lacks jurisdiction. Accordingly, it is this 2nd day of November, 2021 hereby **ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED.**

**Dated**: November 2, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge